Justin M. Gillman, Esq. (038891997)
**GILLMAN CAPONE LLC**
770 Amboy Avenue
Edison, New Jersey 08837
(732) 661-1664 (Tel.)
(732) 661-1707 (Fax)
ecf@gillmancapone.com (E-Mail)
Attorneys for Debtor(s)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| In re: | Chapter 13 |
|---|---|
| **LINDA ANN HOFFMAN** | Case No. 25-12839-MBK |
| Debtor | Hearing Date: September 17, 2025 |
| | Judge:  Hon. Michael B. Kaplan |

**CERTIFICATION OF JUSTIN M. GILLMAN, ESQ. IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL TO DEBTOR**

Justin M. Gillman, being of full age, certifies as follows:

1. I am a member of Gillman Capone LLC, the attorneys for the Debtor, Linda Ann Hoffman ("Debtor") in this case. I make this Certification from personal knowledge in support of this Motion to withdraw and be relieved as counsel for the Debtor in this case.

2. On March 19, 2025, the Debtor, *pro se*, filed a Chapter 13 Bankruptcy Petition [Docket No. 1].

3. On March 19, 2025, the Court entered an Order to Show Cause Why Case Should Not be Dismissed for Failure to File Documents or Extend Time scheduling a hearing date for April 14, 2025 [Docket No. 6].

- 1 -

4. On April 14, 2025, the Court rescheduled the hearing on the Order to Show Cause Why Case Should Not be Dismissed for Failure to File Documents or Extend Time to April 21, 2025.

5. On April 15, 2025, the Debtor retained Gillman Capone LLC as counsel.

6. On April 16, 2025, my office filed a Notice of Appearance on behalf of the Debtor [Docket No. 11].

7. In response to a pending Order to Show Cause regarding missing documents, I filed a Motion to Extend Time [Dkt. 12], which the Court granted on April 21, 2025 [Dkt. 13], thereby preventing dismissal of the case.

8. On April 29, 2025, I prepared and filed the Debtor's complete set of schedules, statements, and required forms, including Schedules A/B through J, the Statement of Financial Affairs, Form 122C-1 (Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period), and Form 122C-2 (Calculation of Your Disposable Income) [Dkt. 15–16].

9. I also filed an Amended Voluntary Petition on May 2, 2025 [Dkt. 19].

10. The Chapter 13 Plan was filed on April 29, 2025 [Dkt. 15].

11. The first confirmation hearing was scheduled for June 4, 2025.

12. I also filed the Debtor's Pre-Confirmation Certification of Compliance with Post-Petition Obligations [Dkt. 25], and coordinated with the Chapter 13 Trustee and counsel for Wells Fargo Bank, N.A. to address objections to confirmation.

13. The confirmation hearing, initially scheduled for June 4, 2025, was adjourned to July 16, 2025, and then again to August 27, 2025, based on requests made with the consent of the Trustee and opposing counsel [Dkt. 17].

14. I submitted an adjournment request for the August 27, 2025, confirmation hearing with the consent of Wells Fargo Bank, N.A., in an effort to allow time for resolution of outstanding confirmation objections and to preserve the orderly progression of the case.

15. On August 19, 2025, the Debtor filed a *pro se* "Motion to Object to Claims of Wells Fargo" [Dkt. 30], without my knowledge, review, or authorization. The document includes legal arguments and supporting documentation that were not prepared or submitted through counsel.

16. This unilateral action by the Debtor has created procedural confusion and directly undermined the coordination efforts I had undertaken on her behalf.

17. The Debtor's conduct constitutes a material breakdown in the attorney-client relationship and has rendered continued representation impractical and ethically untenable. I do not believe that I can continue with an appropriate attorney-client relationship with the Debtor. I intentionally limit my statements in support of this motion to avoid the necessity to disclose any otherwise confidential attorney-client communication. I reserve the right to supplement this submission if any objection is filed to this Motion.

18. I have advised the Debtor of my intent to seek leave of Court to withdraw as counsel, and have urged her to seek new legal representation immediately.

19. The Debtor will not be prejudiced by the relief sought in this Motion as the Debtor has chosen to file a motion without counsel and may retain new counsel to assist as needed in the administration of her case.

20. My office will file an application for compensation for the services rendered in this case through the date in which I advised the Debtor of our intention to seek to be relieved as counsel.

21. For the foregoing reasons, I respectfully request that the Court grant this Motion, allow my firm to be relieved as counsel in this case, and allow the Debtor a reasonable time to obtain substitute counsel.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: <u>August 21, 2025</u>　　　　　　　　　　　　/s/　　Justin M. Gillman
　　　　　　　　　　　　　　　　　　　　　　　　　　Justin M. Gillman